UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LADON D. MOORE,

Plaintiff, Case No. 2:15-cv-63

v. Honorable Gordon J. Quist

DANIEL HEYNS, et al.,

Defendants.
_______________________________/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Heyns, MacLaren, Olsen, Mastaw, Wilcox, Belinger, Hooten, Schroeder, and Unknown Parties #1 and #2. The Court will serve the complaint against Defendant Klein as to Plaintiff's Eighth Amendment claim.

## Discussion

I. Factual allegations

Plaintiff Ladon D. Moore, a state prisoner currently confined at the Saginaw Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Director Daniel Heyns, Kinross Correctional Facility (KCF) Warden Duncan MacLaren, Social Worker Amy Klein, KCF Deputy Warden Kathy Olsen, Administrative Assistant David Mastaw, Inspector Unknown Wilcox, Grievance Coordinator Unknown Belinger, Supervisor Paul Hooten, Unknown Sergeants #1 and #2, and Michigan State Police Detective Michael Schroeder.

In Plaintiff's complaint, he alleges that while he was confined at KCF, he received therapy from Defendant Klein for trauma associated with sexual abuse that occurred while he was a child. Plaintiff asserts that during the course of this therapy, he was sexually abused and exploited by Defendant Klein. Plaintiff alleges that on February 12, 2013, he was standing in front of Defendant Klein with his penis exposed through his open fly while she "examined" him. At this point, a female psychologist came into the office and saw the behavior.

On February 15, 2013, Plaintiff was called into Defendant Hooten's office. Defendant Klein was present and told Defendant Hooten that Plaintiff had exposed his penis without her knowledge. Plaintiff denied this assertion, but Defendant Hooten did not believe him and stated that Plaintiff was no longer under the care of Defendant Klein. Defendants Hooten and Klein told Plaintiff that they were worried that he would hurt himself because he was depressed. Plaintiff left the office and attempted to call his mother. However, his mother was not at home. Plaintiff then went to the control center, but no one was there. Finally, Plaintiff went to health services and told the desk officer that he wanted to talk to someone about being sexually abused and exploited by

staff. The desk officer took Plaintiff's name, number and room number, and then sent Plaintiff back to his unit. Plaintiff again tried to call his mother, without success. Plaintiff then went back to the control room in an attempt to talk to someone.

Finally, Plaintiff was called into the office and was able to tell two Sergeants about the sexual abuse and exploitation that he had suffered at the hands of Defendant Klein. Plaintiff gave the Sergeants a letter detailing the abuse and asked them to give it to the Michigan State Police. Plaintiff also requested that the police be called and asked to be allowed to call his mother. Plaintiff was told that his requests would be honored. However, Plaintiff was not allowed to call his mother and was escorted to segregation as "protection" from staff because of his allegations. Plaintiff had a break down and started cutting his arm with a screw and crying hysterically. Plaintiff begged on his hands and knees to Defendant Hooten, pleading for someone to believe him. On February 15, 2013, Defendant Wilcox issued a "Notice of Intent (NOI) Felonious Behavior" on Plaintiff. Plaintiff was subsequently transferred to URF.

On February 19, 2013, Plaintiff was interviewed by Michigan State Police Sergeant Schroeder, who failed to inform him that he was the primary suspect in a felony complaint. Plaintiff was read his Miranda rights and he requested a polygraph, but was told that the Michigan State Police did not do polygraph examinations. Plaintiff wrote to Defendants Heyns, MacLaren, and Wilcox numerous times, requesting a polygraph. On April 3, 2013, Defendant Mastaw denied Plaintiff's request for a polygraph. Plaintiff resubmitted his request, to no avail. Plaintiff was never interviewed by KCF administrative staff regarding his allegations of sexual abuse and exploitation by Defendant Klein. Plaintiff was transferred to the Saginaw Correctional Facility and his legal materials have gone missing.

Plaintiff claims that Defendants violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he was confined to segregation pursuant to a NOI for felonious behavior in violation of his constitutional rights. Pursuant to MDOC Policy Directive 04.05.120, ¶ L(4), a prisoner may be classified to administrative segregation if "[t]he prisoner is under investigation by an outside authority for suspected felonious behavior and it is reasonably believed that the prisoner needs to be segregated while the investigation is pending." The policy further states that "[i]f classified to administrative segregation for this reason, the prisoner shall be reclassified when it is no longer believed that the prisoner needs to be segregated due to the pending investigation or the investigation is completed, whichever comes first." *Id.*

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano,* 427 U.S. 215, 225 (1976). In *Sandin v. Conner,* 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 486-87; *see also Jones v. Baker,* 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir. 1995).

Confinement in administrative segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 467-73 (1983). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin,* 410 F. App'x 865, 868 (6th Cir. 2010). Generally, courts will consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden–Bey v. Rutter*, 524 F.3d 789, 794 (6th. Cir. 2008).

In *Sandin*, the Supreme Court concluded that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship. *Sandin,* 515 U.S. at 484. Similarly, the Sixth Circuit has held that mere placement in administrative segregation, and placement for a relatively short period of time, do not require the protections of due process. *Rimmer-Bey,* 62 F.3d at 790-91; *see Joseph v. Curtin,* 410 F. App'x 865, 868 (6th Cir. 2010) (61 days in segregation is not atypical and significant). The Sixth Circuit has also held, in specific circumstances, that confinement in segregation for a relatively long period of time does not implicate a liberty interest. *See, e.g.*, *Baker,* 155 F.3d at 812-23 (two years of segregation while the inmate was investigated for the murder of a prison guard in a riot); *Mackey v. Dyke,* 111 F.3d 460 (6th Cir.1997) (one year of segregation following convictions for possession of illegal contraband and assault, including a 117-day delay in reclassification due to prison crowding). *But cf. Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicates a liberty interest); *Harden-Bey,* 524 F.3d at 795 (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, *i.e.*, three years without an explanation from prison officials, implicates a liberty interest); *Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest).

In this case, Plaintiff fails to allege any facts showing that his stay in administrative segregation implicated a liberty interest. Plaintiff was merely placed in segregation during the investigation of his claims against Defendant Klein. There is no indication that the duration of Plaintiff's confinement in administrative segregation exceeded the time period of the investigation, or that the conditions of that confinement were atypical. Therefore, Plaintiff's procedural due process claims are properly dismissed.

Plaintiff also claims that Defendants interfered with his ability to file grievances regarding the subject matter of this complaint. Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

Plaintiff also asserts a violation of his substantive due process rights under the Fourteenth Amendment, which prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431

(6th Cir. 2002). "Substantive due process serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)).

"Where a particular [a]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that [a]mendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this case, there are specific constitutional amendments that apply to Plaintiff's claims. For example, the Eighth Amendment provides an explicit source of constitutional protection to Plaintiff concerning his sexual abuse and exploitation claims. *See Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (because the Eighth Amendment supplies the explicit textual source of constitutional protection for claims governing a prisoner's health and safety, the plaintiff's substantive due process claim was subject to dismissal). Similarly, the First Amendment provides an explicit textual source of constitutional protection for Plaintiff's retaliation claims. Thus, the standard applicable to that source, the First Amendment right to be free from retaliation, and not the more generalized notion of substantive due process should be applied. *Graham*, 490 U.S. at 395; *see also Bell v. Johnson*, 308 F.3d 594, 610 (6th Cir. 2002) (holding that, after *Graham*, the First

Amendment standard is the sole source of substantive protection); *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) (A "substantive due process right to free speech is duplicative of [a] First Amendment retaliation claim."). Consequently, Plaintiff's substantive due process claim will be dismissed.

Plaintiff claims that the policy directive allowing confinement in administrative segregation during an investigation for felonious behavior is unconstitutionally vague and overbroad.

> Overbreadth has little or no role "in civil litigation dealing with prisons' internal operations. Some open-ended quality is essential if a prison is to have any guidelines; it is impossible to foresee all literature that may pose a threat to safety and security." *Borzych v. Frank,* 439 F.3d 388 (7th Cir.2006) (internal citations omitted). However, the policy directive ... lends itself to a "void-for-vagueness" analysis. "The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Bailey v. Carter,* 15 Fed.Appx. 245, 252, 2001 WL 845446, [at] *4 (6th Cir.2001); *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) (internal citations omitted.) However, an individual "raising a facial attack must demonstrate that the regulation is impermissibly vague in all of its applications-including its application to his case." *Walker v. McCaughtry,* 141 Fed.Appx. 460, 462, 2005 WL 1515471, [at] *2 (7th Cir.2005); *Vill[.] of Hoffman Estates v. Flipside Hoffman Estates, Inc.,* 455 U.S. 489, 497, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982).

*Jones v. Caruso,* 569 F.3d 258, 275-76 (6th Cir. 2009). A law or regulation can be deemed unconstitutionally vague if "men of common intelligence must necessarily guess at its meaning and differ as to its application...." *Id.* at 276 (*citing Connally v. Gen. Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926)).

As noted above, Policy Directive 04.05.120, ¶ L(4), provides that a prisoner may be classified to administrative segregation if "[t]he prisoner is under investigation by an outside authority for suspected felonious behavior and it is reasonably believed that the prisoner needs to be segregated while the investigation is pending." This provision is not one where "men of common intelligence must necessarily guess at its meaning and differ as to its application...." *Id.* Nor does the application of the provision to Plaintiff's situation suffer from vagueness, since Plaintiff was being investigated on felony charges relating to his interactions with Defendant Klein. In fact, the application of Policy Directive 04.05.120, ¶ L(4) to Plaintiff's situation is clear and precise. Therefore, the Court concludes that Plaintiff's claim that the policy directive allowing confinement in administrative segregation during an investigation for felonious behavior is unconstitutionally vague and overbroad lacks merit.

Plaintiff claims that his legal property which concerned his claims in this case came up missing after he was transferred to the Saginaw Correctional Facility and that this deprivation violated his right of access to the courts. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578 (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)). In this case, Plaintiff fails to allege such prejudice. Therefore, his access to courts claim is properly dismissed.

Plaintiff claims that the NOI for felonious behavior was issued in retaliation for his complaints against Defendant Klein, as was the denial of his request to call his mother. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'"

*Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening).

As noted above, during the pertinent time period, Plaintiff was being investigated by the Michigan State Police for possibly felonious behavior as a result of his admittedly sexual conduct toward Defendant Klein. Consequently, he was placed in administrative segregation pursuant to MDOC policy. There is no indication that the NOI or the placement in administrative segregation was motivated by a desire to retaliate against Plaintiff. Instead, it appears that prison officials merely acted pursuant to the pertinent policy for such a situation. Moreover, the mere fact that Plaintiff was not allowed to call his mother prior to being escorted to administrative segregation does not support his claim of retaliation. Because Plaintiff has not presented any facts whatsoever to support his conclusion that Defendants retaliated against him because of his complaint against Defendant Klein, his retaliation claims are properly dismissed. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff claims that Defendant Klein violated his Eighth Amendment rights when she sexually abused and exploited him while he was seeing her as a patient. This claim is not clearly frivolous and may not be dismissed on initial review. However, the court notes that Plaintiff's claims against Defendants Heyns, MacLaren, Olsen, Mastaw, Wilcox, Belinger, Hooten, Schroeder, and Unknown Parties #1 and #2, are all based on the failure to act, the denial of administrative

grievances, or the fact that they did not believe his version of the events between Plaintiff and Defendant Klein. Defendants Heyns, MacLaren, Olsen, Mastaw, Wilcox, Belinger, Hooten, Schroeder, and Unknown Parties #1 and #2 cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Heyns, MacLaren, Olsen, Mastaw, Wilcox, Belinger, Hooten, Schroeder, and Unknown Parties #1 and #2 will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Klein with regard to Plaintiff's Eighth Amendment claim.

An Order consistent with this Opinion will be entered.

Dated: June 5, 2015

/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE