UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LADON D. MOORE,

    Plaintiff,

v.

                Case No. 2:15-cv-63
                HON. GORDON J. QUIST

AMY KLEIN, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Ladon D. Moore, an inmate at the Saginaw Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several defendants. Plaintiff's remaining claims are against Defendant Amy Klein. Defendant Klein is a psychologist who worked at the Kinross Correctional Facility (KCF) at the time of the alleged events. Defendant Klein was Plaintiff's therapist at KCF. Plaintiff claims that he was sexually abused by Defendant Klein when she "examined" him while his penis was exposed.

Defendant Klein filed a Motion to Involuntarily Dismiss this Matter or Sanction the Plaintiff for Failing to Participate in Discovery (ECF No. 18). Initially, Plaintiff refused to sign an authorization for his medical records. On September 24, 2015, the Court entered an order requiring Plaintiff to sign an authorization for his medical records. PageID.107. The order stated that "[t]he failure to comply with this order will result in a recommendation that this case be dismissed." Plaintiff has failed to comply with the Court order.

On October 20, 2015, Defendant served Plaintiff with a notice that Defendant intended to take Plaintiff's deposition on November 19, 2015. Defendant was authorized to take

Plaintiff's deposition by the Case Management Order. (ECF No. 13). Plaintiff attended his deposition on November 19, 2015, but refused to answer any questions. Defendant has attached a copy of the deposition transcript to her motion. PageID.119-121. Defendant paid $88.00 for a copy of the deposition transcript. Plaintiff has not filed any pleading or made any response in this case since he filed his complaint on April 24, 2015. It appears that Plaintiff has abandoned the prosecution of this case, refused to participate in discovery, and has violated this Court's orders.

Therefore, it is recommended that Defendant's motion (ECF No. 18) be GRANTED and that Plaintiff's complaint be dismissed in its entirety, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. *See Catz v. Chalker*, 142 F.3d 279, 286 (6th Cir. 1998); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Buck v. U.S. Dept. of Agriculture*, 960 F.2d 603 (6th Cir. 1992). It is further recommended that costs be imposed against Plaintiff in the amount of $88.00.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   March 25, 2016

 /s/ TIMOTHY P. GREELEY
 TIMOTHY P. GREELEY
 UNITED STATES MAGISTRATE JUDGE